OPINION
Defendant Mark Elkins appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, convicting and sentencing him for having a weapon while under disability in violation of R.C. 2923.13, one count of aggravated burglary in violation of R.C. 2911.11, one count of aggravated burglary in violation of R.C. 2911.01, one count of receiving stolen property in violation of R.C. 2913.51, and one count of grand theft in violation of R.C. 2913.02. The charges of aggravated burglary and aggravated robbery each carried a firearm specification pursuant to R.C.2941.145. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR "I. THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY STATEMENTS FROM CLARK STEVENS WHICH VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT OF CONFRONTATION IN THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS THE CHARGES PURSUANT TO CRIM. R. 29 AS THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION ON ALL CHARGES AGAINST APPELLANT.
 "III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS THE CHARGES PURSUANT TO CRIM. R. 29 BECAUSE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "IV. THE TRIAL COURT ERRED WHEN IT PERMITTED THE TESTIMONY OF ALLEGED BAD ACTS THE APPELLANT COMMITTED AGAINST MS. BYRUM WHICH WAS INADMISSIBLE EVIDENCE UNDER EVID. R. 404 (B)."
 I
In his first assignment of error, appellant argues the trial court incorrectly permitted Annette Byrum to testify Clark Stevens told her in 1992 that Stevens and appellant had committed various offenses against the victim. Byrum testified appellant, and appellant's sister were also present when Stevens made the statement.
Defense counsel objected on the grounds of hearsay, but the trial court admitted the statements into evidence because Byrum alleged appellant was present when Stevens made the statement, and did not deny it at the time. Appellant points out the State did not first establish Stevens was unavailable to testify himself, and thus, the statements are inadmissible hearsay.
The State raises several rationales for admitting the statements. First, the State contends the statement is not hearsay at all, because it is an admission by a party opponent. We reject this argument. Stevens is not a party to this action. Secondly, the State urges the testimony is admissible under Evid.R. 801 (D)(2)(b). Essentially, the State argues appellant adopted Steven's admission to Byrum as his own when he failed to deny the statement. The State cites State v. Porter (March 11, 1982), Cuyahoga Appellate No. 43825, as authority for this proposition.
Appellant's sister testified she never heard Stevens make the statement.
In Lilly v. Virginia (1999), 527 U.S. 116, the United States Supreme Court discussed the use of hearsay statements. The court found such statements are sufficiently dependable to be admitted against an accused only if the hearsay statement falls within a firmly rooted hearsay exception, and contains such particularized guarantees of trustworthiness that no adversarial testing would add to their reliability, Lilly at 1890 citations deleted. The Supreme Court went on to explain that a statement is firmly rooted in a hearsay exception when it falls within a hearsay category whose conditions have proved over time to remove all temptations of falsehood and enforce as strict an adherence to the truth as would the obligation of an oath and cross examination at a trial, Id., citations deleted.
We find the conversation about which Byrum testified did not contain any particularized guarantee of trustworthiness, and we are not convinced the circumstances removed all temptation to falsehood. For this reason, we conclude appellant's failure not to deny the alleged statements did not constitute an adoption of the admission as his own.
Thirdly, the State argues the statement by Stevens constituted a statement against interest and thus is admissible under Evid.R. 804 (B)(3). In Williamson v. United States (1994), 512 U.S. 594, the United States Supreme Court found the question under an exception to a hearsay rule for statements against penal interest is always whether the statement was sufficiently against the declarant's penal interest that a reasonable person in the declarant's position would not have made the statement unless he believes it is true. The United States Supreme Court directed us to review the statement in light of all surrounding circumstances. We find the statement was not admissible given the context in which it was made. Stevens allegedly made the statement to friends in a social situation, and appellant's sister testified she heard no such statement.
Further, a statement against interest is admissible only if the declarant testifies or is unavailable as a witness. As appellant points out, the record does not demonstrate the State could not have called Stevens himself.
Finally, the State argues the admission of Clark Stevens' statements as repeated by Byrum does not violate appellant's right of confrontation guaranteed in the Sixth Amendment of the United States Constitution and in Article I, Section 10 of the Ohio Constitution. As we stated supra, we do not find the context in which Stevens made the alleged statement provides a particularized guarantee of trustworthiness similar to one made in court and under oath.
As the State points out, our standard of reviewing a trial court's evidentiary ruling is the abuse of discretion standard, see State v.Sumlin, 69 Ohio St.3d 105, 1992-Ohio-1916, 630 N.E.2d 681. The Supreme Court has repeatedly defined the term abuse of discretion as indicating that trial court's attitude is unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151, 16 Ohio Opin.3d 169.
We have reviewed the record, and we find considering the totality of the circumstances, the record does not demonstrate the statement allegedly made by Stevens is sufficiently reliable and does not demonstrate the conditions have removed all temptation to falsehood and enforce as strict an adherence to the truth as if Stevens were himself testifying under oath. We conclude the trial court should have excluded Byrum's testimony regarding the statements Stevens made, even though the statements were to some extent self inculpatory.
The first assignment of error is sustained.
 IV
In his fourth assignment of error, appellant argues the trial court should not have permitted Byrum to testify appellant had smashed her car windows and had a gun. In fact, the trial court sustained appellant's objection, and instructed the jury to disregard the statement. Appellant argues the statements Byrum made regarding appellant's other bad acts were too prejudicial for the jury to disregard, even after the trial court had so instructed it.
First of all, a jury is presumed to follow the court's instruction, and we find no motion in limine, nor any motion for mistrial in the record. Secondly, it may very well have been defense counsel's intention for the jury to hear these statements in order to reflect upon Byrum's credibility. At trial, appellant urged Stevens never made inculpatory statements to Byrum. When Byrum testified appellant had damaged her car, the jury could have concluded she was angry with appellant and had reason to fabricate. We find the statements were properly objected to on the basis of other bad acts, and the court properly sustained the objection and instructed the jury to disregard it. We find no error herein.
The fourth assignment of error is overruled.
 II III
These assignments of error challenge the sufficiency and weight of the evidence presented at trial. In light of our ruling on the court's evidentiary decision, supra, we find these assignments of error are premature and therefore, are overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, J., HOFFMAN, P.J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.